UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KEVIN J. ROBINSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:24-cv-00334-JAW |
| | ) |
| STATE OF MAINE, | ) |
| | ) |
| Respondent. | ) |

**ORDER AFFIRMING RECOMMENDED DECISION OVER OBJECTION**

A federal magistrate judge recommends the dismissal of a habeas petition brought by an incarcerated individual against the state of Maine alleging ineffective assistance of counsel and procedural errors at trial. Having performed a de novo review, the federal district court affirms the magistrate judge's recommended decision over the petitioner's objection.

**I.      PROCEDURAL HISTORY**

On September 26, 2024, Kevin J. Robinson, who is currently incarcerated in the Maine State Prison, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 against the state of Maine (the State), challenging his state court convictions on the basis of procedural errors at trial, ineffective assistance of counsel, and violations of his due process rights. *Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* (ECF No. 1) (*Pet.*). The State answered the petition and moved for its dismissal on November 25, 2024. *Resp't's Mot. to Dismiss/Answer to Pet. for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254* (ECF No. 7) (*Resp't's Mot. to Dismiss/Answer*).

On May 19, 2025, a United States Magistrate Judge recommended the Court grant the State's motion and dismiss Mr. Robinson's complaint. *Recommended Decision On 28 U.S.C. § 2254 Pet.* (ECF No. 8) (*Rec. Dec.*). Because a Magistrate Judge reviewed Mr. Robinson's petition under 28 U.S.C. § 636(b)(1)(B), Mr. Robinson had a right to de novo review by the district judge upon filing an objection within fourteen days of being served. *See* 28 U.S.C. § 636(b)(1)(C). On June 13, 2025, Mr. Robinson filed an untimely objection. *Resp. to Magistrate Recommended Decision* (ECF No. 9) (*Pet'r's Obj.*).

Despite Mr. Robinson's late filing, in line with the First Circuit's instruction to district courts reviewing pro se pleadings to construe these submissions liberally, *see Sanchez v. Brown Univ.*, No. 23-1983, 2024 U.S. App. LEXIS 15530, at *1 (1st Cir. 2024) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and the First Circuit's inclination to "dispos[e] of claims on the merits rather than on the basis of technicalities," *Kuehl v. FDIC*, 8 F.3d 905, 908 (1st Cir. 1994) ("Our federal rules promote the disposition of claims on the merits rather than on the basis of technicalities, and courts should be reluctant to impose a dismissal with prejudice for a rules violation that is neither persistent nor vexatious, particularly without some review of the merits") (citing *Foman v. Davis*, 371 U.S. 178, 181-82 (1962)), the Court in its discretion declines to reject Mr. Robinson's objection based on its untimeliness and instead reviews its contents for their merits, conducting a de novo review of the objected-to portions of the Recommended Decision.

## II.    KEVIN J. ROBINSON'S OBJECTION

Mr. Robinson objects to particular portions of the Magistrate Judge's recommended decision. *Pet'r's Obj.* First, Mr. Robinson responds to the legal standards provided by the Magistrate Judge, arguing that "*Baldwin* [*v. Reese*, 541 U.S. 27 (2004)] states that 'the prisoner must "fairly present" his claim . . .'" but that he himself "cannot do such a thing based on lack of reading and writing challenges," as he stated in his original petition. *Id.* at 1. Thus, Petitioner claims, he cannot make a proper filing to "fairly present" all necessary claims without counsel, as he struggles to comprehend the "legal talk he is receiving." *Id.*

Turning to the Magistrate Judge's assessment of his prior conviction, he reiterates that his trial counsel did not explain in plain words the meaning of "stipulation to priors" or "bifurcated trial," and that he "could and would have easily taken a plea deal if the above-mentioned wordings were properly explained to Petitioner." *Id.* at 2. He continues that it would have saved "the State and courts a lot of time and money," and "def[initely] saved Petitioner the receiving of an excessive 25[-]year sentence." *Id.*

Continuing, Mr. Robinson argues the recommended decision's section on his counsel's pretrial investigation "fails to address the mental state and nature of [Attention Deficit Hyperactivity Disorder (ADHD)], [Post-Traumatic Stress Disorder (PTSD)], and other conditions and disabilities that have an effect on the development and growth of a person's understanding of life." *Id.* He argues it was his appointed counsel's obligation to take all efforts to provide him with a meaningful defense, and

3

that he was deprived of the same. *Id.* He argues his trial counsel's failure to investigate his mental conditions and disabilities was not an exercise of reasonable professional judgment and thus violated his constitutional right to effective counsel. *Id.* at 2-3.

Finally, Mr. Robinson argues the template habeas petition which he submitted directed him to state facts, not legal argument, and that he did not know how to comply with its instruction that "[a]ny legal arguments must be submitted in a separate memorandum." *Id.* at 3. He reiterates that he is neither a trained lawyer nor receiving legal assistance, but avers "[a]ll the Petitioner knows is that his 5th, 6th, 8th, and 14th Amendments have been violated." *Id.* He states he "will look for the court work/paperwork that states he is allowed to have an attorney for representation, but was appointed a different attorney," *id.*, and insists that his trial counsel was inadequate by failing to learn about his learning challenges and that, without doing so, could not have presented an effective defense. *Id.* at 3-4. He opines that his trial counsel "was better off convincing [him] to take a Plea Deal rather than going to trial and showing themselves to be unreasonably deficient in their representation of the Petitioner and his case." *Id.* at 4.

Petitioner concludes that the Court should not accept the Magistrate Judge's recommendation of dismissal and asks the Court to appoint him counsel to properly present his habeas arguments. *Id.*

### III. LEGAL STANDARD

Mr. Robinson objects to the Magistrate Judge's Recommended Decision, which the Court in its discretion construes as timely filed, and the Court thus "shall make a de novo determination of those portions of the . . . recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* 28 U.S.C. § 636(b)(1)(B). At the same time, the Court is "only obliged to perform de novo review of disputed portions of the report and recommendation." *United States v. J.C.D.*, 861 F.3d 1, 6 (1st Cir. 2017). Under this standard, the Court reviews factual findings for clear error, *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999), and gives plenary review to pure questions of law. *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010).

### IV. DISCUSSION

The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record. Having made a de novo determination of "disputed portions of the report and recommendation," the Court affirms the Recommended Decision of the Magistrate Judge over the Petitioner's objection and determines that no further proceedings are necessary. *See J.C.D.*, 861 F.3d at 6. The Court explains the basis for its conclusion on each of Mr. Robinson's objections in turn.

    A.    **Applicable Legal Standard**

First, Mr. Robinson emphasizes the Magistrate Judge's quotation of *Baldwin v. Reese*, 541 U.S. 27 (2004), which states in full: "To provide the State with the

5

necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Rec. Dec.* at 6 (quoting *Baldwin*, 541 U.S. at 29).  Mr. Robinson argues that "Petitioner in this instance cannot do such a thing based on [] reading and writing challenges." *Pet'r's Obj.* at 1.  The First Circuit has stated that "identifying the proper legal standard to be applied in ruling on a particular matter presents a question of law," *Fisher v. Kadant, Inc.*, 589 F.3d 505 (1st Cir. 2009), and the Court thus reviews the Magistrate Judge's statement of the applicable legal standard de novo.

Here, the Court concludes that the Magistrate Judge accurately characterizes the requirement that a petitioner must exhaust state court remedies before bringing a petition seeking a federal writ of habeas corpus and that Mr. Robinson's objection misunderstands the Magistrate Judge's statement of the law.  The Magistrate Judge quotes the contested sentence in *Baldwin*, not to describe what is required of the Petitioner in his presently pending habeas petition, but rather to explain what he must have done to exhaust state remedies in order to be eligible for federal habeas relief.  *See Rec. Dec.* at 5.  With this framing in mind, Mr. Robinson's objection that "there is no possible way Petitioner can make proper filing to 'fairly present' all necessary claims," *Pet'r's Obj.* at 1, is inapposite here, as the Magistrate Judge does not conclude that Mr. Robinson's petition must be dismissed for failure to exhaust his state remedies.  Rather, the Magistrate Judge reaches the merits of Mr. Robinson's habeas petition and responds directly to each of his allegations of ineffective

6

assistance of counsel. *See Rec. Dec.* at 10-15. Mr. Robinson makes no allegation that he lacked counsel in his state court trial, direct appeal, or postconviction proceedings that contravened his ability to fairly present all his necessary claims.

At bottom, the Magistrate Judge's statement of the state-remedy exhaustion applicable to a federal habeas petition does not constitute an error of law and the Court thus overrules Mr. Robinson's objection on this basis.

B.  **Prior Conviction**

Mr. Robinson next objects that his trial counsel did not explain the meaning of "stipulation to priors" or "bifurcated trial" to him in plain words, and that he would have taken a plea deal if this had been the case. *Pet'r's Obj.* at 2. The Magistrate Judge addressed this issue at length in the recommended decision, *see Rec. Dec.* at 10-12, and the Court concludes the Magistrate Judge's analysis is thoughtful, well-reasoned, and compelling, notwithstanding Mr. Robinson's objection.

As the Magistrate Judge explains, the transcript of the postconviction hearing confirms that Mr. Robinson admits his trial attorney attempted to explain the meaning of the terms to him but asserts he "just didn't understand it." *Rec. Dec.* at 11-12 (quoting *Postconviction Hearing Tr.* at 16-18). The Magistrate Judge points out that Mr. Robinson "has not identified the part of counsel's explanation that was unreasonable or improper, and nothing is apparent in the record." *Rec Dec* at 12. Mr. Robinson's objection similarly presents neither argument nor evidence to explain the basis for his contention that his counsel's explanation of these terms was inadequate, and the Court identifies no independent reason that the Magistrate Judge erred in

his determination that a generalized and unsupported claim of lack of understanding, despite acknowledgment that his counsel attempted to explain the meaning of such terms, does not give rise to a cognizable habeas petition.

Further, the Magistrate Judge correctly notes that this argument was previously rejected by the state trial court on postconviction review and by the Law Court on direct appeal for lack of prejudicial effect because of the overwhelming evidence that Mr. Robinson had been convicted of a prior felony and that the Government could prove it. *Rec. Dec.* at 11-12. The Court agrees with the Magistrate Judge's assessment that "[e]ven if counsel's attempt to discuss the issue and define the terms was somehow inadequate, Petitioner cannot establish prejudice because the evidence of guilt of trafficking was overwhelming, and he does not deny the prior conviction or assert there was some deficiency in the Government's proof of the prior conviction." *Rec Dec.* at 12.

### C. Pretrial Investigation

Mr. Robinson next objects to the Magistrate Judge's recommendation with regard to his trial counsel's alleged failure to conduct investigations into his mental state, including his ADHD, PTSD, and other conditions and disabilities affecting his development. *Pet'r's Obj.* at 2.

In his recommended decision, the Magistrate Judge noted that Petitioner raised this argument previously in his postconviction proceedings in state court and that he does not explain what counsel should have done differently that would have altered the outcome of his case. *Rec. Dec.* at 12-13. On review, the Court concludes

the Magistrate Judge correctly stated that, to overcome a state court's judgment on the merits of a factual claim through a federal habeas claim, the federal court must determine that the state court's adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Rec. Dec.* at 8 (quoting 28 U.S.C. § 2254(d)(1-2)). As the Magistrate Judge explained, this standard is magnified in the context of ineffective assistance of counsel claims, where a court must presume counsel has "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Rec. Dec.* at 10 (quoting *Strickland v. Washington*, 466 U.S. 668, 690 (1984)). Emphasizing that a petitioner bears the burden of rebutting this presumption of correctness and must do so by clear and convincing evidence, *id.* at 9 (quoting 28 U.S.C. § 2254(e)(1)), the Magistrate Judge determined Mr. Robinson's petition fails to satisfy this high bar to relief.

  On its independent review, the Court concludes that the Magistrate Judge did not err by recommending the Court dismiss Mr. Robinson's argument that his counsel was ineffective for failure to investigate his mental conditions. Put simply, the Court agrees with the Magistrate Judge's analysis that Mr. Robinson's unsupported assertion that his trial counsel failed to provide a meaningful defense based on trial counsel's alleged failure or declination to investigate his mental conditions does not satisfy the extremely high bar required to overturn a state court's judgment on a

9

federal habeas petition. Based on the record before it, the Court cannot conclude that doing so would have presented Mr. Robinson's trial counsel with a cognizable defense to either the charges of drug trafficking or the aggravating factor of his prior conviction, so as to produce a reasonable probability that the outcome of his proceeding would have been different. *See Rec. Dec.* at 12-13.

### D. Assistance of Counsel

Finally, Mr. Robinson reiterates in his objection that he is not trained as a lawyer and does not have access to a law library, complaining that his appointed trial attorney did not take the time to learn about his learning obstacles and that he would have been better off being convinced to take a plea deal than go to trial and be inadequately represented. *Pet'r's Obj.* at 4-5. Though this objection duplicates some of Mr. Robinson's earlier arguments, the Court responds to it separately to explain why it does not entitle Mr. Robinson to his requested federal habeas relief.

First, as the Magistrate Judge correctly explained, it is black letter law that a person appointed counsel is entitled to effective representation, not a particular lawyer he desires. *See Rec. Dec.* at 15 (quoting *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624 (1989) ("The [Sixth] Amendment guarantees defendants in criminal cases the right to adequate representation, but those who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts")). The Court concludes the Magistrate Judge did not err in determining that Mr. Robinson

has not established that he suffered any prejudice as a result of the trial counsel selected to represent him.

Second, Petitioner objects that his trial counsel's alleged inadequacy at trial would have left him better off taking a plea deal than proceeding to trial. *Pet'r's Obj.* at 4-5. However, as the Magistrate Judge correctly emphasizes, a petitioner bears the burden of overcoming the presumption "that counsel has 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Rec. Dec.* at 10 (quoting *Companonio v. O'Brien*, 672 F.3d 101, 110 (1st Cir. 2012) (in turn quoting *Strickland*, 466 U.S. at 690)). The Magistrate Judge further notes that a state court's determinations of fact are entitled to a presumption of correctness, which the Petitioner bears the burden of overcoming by clear and convincing evidence. *Id.* at 9 (quoting 28 U.S.C. § 2254(e)(1)). The Magistrate Judge determined that Mr. Robinson's claim that his trial counsel's representation was inadequate was unsupported by any specific evidence and thus insufficient to satisfy his high burden of overcoming the presumptive correctness of the state court decisions finding his representation at trial had been satisfactory. Mr. Robinson's objection presents no evidentiary basis for the Court to reach a different conclusion than the Magistrate Judge.

### E.   Request for Appointment of Counsel

The Court further concludes Mr. Robinson is not entitled to appointed counsel, as he requests in his objection. *Pet'r's Obj.* at 4. It is well-established law that "[P]etitioners have no constitutional right to counsel in [habeas corpus] proceedings."

*Smith v. MacEachern*, No. 19-1668, 2025 U.S. App. LEXIS 2626, at *1 (1st Cir. Jan. 22, 2025) (quoting *Bucci v. United States*, 662 F.3d 18, 34 (1st Cir. 2011)). While habeas petitioners may be appointed counsel pursuant to 18 U.S.C. §3006A, such appointment is limited to when "the court determines that the interests of justice so require." 18 U.S.C. §3006A(a)(2)(B). In making this determination, a court considers whether "(1) [the petitioner] has shown a fair likelihood of success on the constitutional claim, (2) that claim is factually complex and legally intricate, and (3) the facts are largely undeveloped and [the petitioner] (who is both incarcerated and indigent) is severely hampered in his ability to investigate them." *United States v. Allen*, No. 1:03-cr-00058-JAW, 2013 U.S. Dist. LEXIS 105490, at *2 (D. Me. July 29, 2013) (quoting *United States v. Mala*, 7 F.3d 1058, 1063-64 (1st Cir. 1993)).

The Court concludes Mr. Robinson's petition does not establish "the interests of justice" require appointment of counsel in his case. 18 U.S.C. § 3006A(a)(2)(B). For the reasons explained by the Magistrate Judge and affirmed by the Court in this order, Mr. Robinson has neither established the likelihood of success on the merits of his constitutional claim nor presented complex legal or factual issues that could be affected by his appointment of counsel. The Court thus dismisses Mr. Robinson's request for appointed counsel.

**V.   CONCLUSION**

Having performed a de novo review pursuant to 28 U.S.C. § 363(b)(1)(B), the Court AFFIRMS the Recommended Decision on 28 U.S.C. § 2254 Petition (ECF No. 8), OVERRULES Kevin J. Robinson's Response to Magistrate Recommended

Decision (ECF No. 9), and accordingly DISMISSES without prejudice Mr. Robinson's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1).  The Court concludes that an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases and that no Certificate of Appealability should issue because there is no substantial issue that could be presented on appeal. *See* FED. R. APP. P. 22 and Rules 8 & 11 of the Rules Governing Proceedings Under 28 U.S.C. Section 2254 or Section 2255.

    SO ORDERED.

                              /s/ John A. Woodcock, Jr.
                              JOHN A. WOODCOCK, JR.
                              UNITED STATES DISTRICT JUDGE

Dated this 17th day of July, 2025